Richardson, J.
dissenting. The entire evidence adduced at the trial is set forth in the Judge’s report. The plaintiffs, he thought, “had not sufficiently established their right to recover.” 1 am of the same opinion, for the following reasons. Kamme, the party guaranteed by Lawton, swears he never dealt any way with Smith & Groning; never got a piece of goods of them, and did not know that any goods were purchased in his name; gave no authority whatever for such a purchase; considered Hertz who took up the goods as worthless; had quit all connection with him from 1st. December 1840; appears in utter ignorance of the whole purchase made by Hertz, in his name. But before we can make Lawton liable we must assume that *356 Kamme was the actual vendee of the goods. How else is Lawton ever to recover over against Kamme'? Kamme must be first made debtor to Smith (fe Groning. This is the issue; but how is the affirmative proved'? By the plaintiffs’s clerk Hanckel; he made the book entries altogether at the instance of Hertz or Smith; his entries were altered by Smith. There were erasures in the book; he never presented the account but to Hertz, nor dunned Kamme, nor had any communication on the subject with him. Mr. Hanckel appears as ignorant of any binding authority or reason for making Kamme debtor for the goods, as Kamme was of Hertz taking up such goods in his name. But Smith made such entries, and the witness “was impressed,” (fee., and “Smith corrected his entries.” If such book entries stood uncontradicted, they cannot prove Kamme the purchaser; and that is the very condition precedent to the verdict against his guarantee, Lawton, as well as his recovery over against Kamme. Assuredly Kamme may resist such recovery by Lawton. The evidence of Lawton’s son and that of Hanckel has both shewn, that it was easy to confound the account against Hertz, which Lawton refused to guarantee, with the goods taken up in the name of Kamme, with whom Hertz had been connected in former transactions. I have very full faith in jury trials, but cannot support a verdict against a guarantee when the plaintiffs’s evidence so very unsatisfactorily proves, it might be said loosely surmises, a debt against Kamme, which could not be established against himself by that evidence, and which is further utterly denied by Kamme.
The case ought therefore to be returned to the jury for reconsideration without prejudice to either party. It is due to that tribunal that they be allowed to reconsider in such extreme cases. This is done for their true value and respectability, as therefore used, in the State. It is the only way to render the constitutional principle of the trial by jury “forever inviolate,” that they reconsider, like all other tribunals, when they appear to have so clearly erred in the very gist of a case.